[No. 932.]

## THE STATE OF NEVADA, APPELLANT, v. D. H. HASKELL ET AL., RESPONDENTS.

QUO WARRANTO—TOLL ROAD FRANCHISE—ABANDONMENT—BURDEN OF PROOF.—When the pleadings admit that the parties owning a toll-road franchise have a good title, and the proceeding to have the franchise forfeited is based solely upon a claim of abandonment or forfeiture, the affirmative of the issue and the burden of proof is on the State.

APPEAL from the District Court of the Eighth Judicial District, Esmeralda county.

The facts appear in the opinion.

*M. A. Murphy and Wells & Stewart*, for Appellant.

When an information in the nature of *quo warranto* is filed against a party, the *onus* of proof is upon him, not upon the informant. (Angel & Ames on Corp., 734, 749, 751, 756; 15 Johnson, 358.)

*Robert M. Clarke and N. Soederberg*, for Respondent.

The judgment of the lower court is right. The burden of proof was upon the state to establish the forfeiture alleged in the complaint, not upon defendants to prove a negative. (C. L. Nev. 392–394; *State* v. *Brown*, 34 Miss. 688; 2 Doug. Mich. 359; High's Ex. L. Rem. 720, 725.)

By the Court, BEATTY, C. J.:

This is a proceeding by information in the nature of a *quo warranto* instituted by the district attorney of Es-

meralda county for the purpose of having a toll-road franchise declared forfeited.

The complaint alleges the grant of the franchise in 1862 and its acceptance and enjoyment until 1869, at which time it is charged the defendants abandoned the road and ceased for a period of eight or nine years to keep it in repair. The answer denies the alleged abandonment, and denies that there was any neglect to repair sufficient to work a forfeiture.

When the case was called for trial the district attorney declined to offer any testimony, and judgment was thereupon entered in favor of the defendants. From the judgment so entered the state appeals. Only one question is involved in the case, and that is as to the burden of proof under the pleadings.

The general rule in cases of this character is that the person claiming the franchise must plead and prove a good title thereto, and that the state is bound to prove nothing; but when, as in this case, it is admitted that the defendant has had a good title, and the only ground of the proceeding is a claim of abandonment or forfeiture, the affirmative of the issue and the burden of proof is on the state.

Proceedings upon *quo warranto* and information in the nature thereof are regulated by statute in this state (C. L., secs. 389 to 415), and it is therein provided (sec. 394) that the issues are to be tried as in other civil cases. This being so, it follows that the state, like any other party relying on a forfeiture or an abandonment, must prove its case.

The judgment of the district court is affirmed.