# THE PEOPLE OF THE TERRITORY OF UTAH
## EX REL. W. H. DICKSON, United States District Attorney, Respondent, *v.* NEPHI W. CLAYTON, Appellant.

### Affirmed, U. S. Sup. Ct.

Constitutional Law.—Public Office, Manner of Filling.—Congress has the paramount right to legislate for the territories, and when an act of Congress has provided for the appointment of a territorial officer by the governor of the territory by and with the advice and consent of the legislative council, a statute of the. territory providing for the election of such officer by the people is void.

Id.—Statute Void in Part.—The territorial statute creating the office of auditor of public accounts also provided that it should be filled by election; *held,* that the entire statute was not rendered void by the invalidity of a part, and that the office was validly created.

Id.—Acquiescence.—A territorial statute, invalid when enacted, is not validated by the failure of Congress to expressly disapprove it.

VACANCY IN OFFICE.—GOVERNOR TO FILL.—The governor is autho-
rized to fill a vacancy in the office of auditor of public accounts
by appointment under section 7, of the Organic Act (Compiled
Laws, p. 30), and such office is, in contemplation of law, vacant
when the incumbent has never been legally in the exercise of it.

PLEADING.—QUO WARRANTO.—BURDEN OF PROOF.—When the right
of a person exercising an office is challenged in a direct proceed-
ing in the nature of a *quo warranto* the burden of proof is on
him to show a good title and a complaint alleging in general
terms that such person "holds and exercises the functions of the
office without authority of law" is sufficient.

ID.—RIGHT TO OFFICE.—RESPONDENT, WHAT ISSUES CAN MAKE.—
Sections 692 and 693 of the Code of Civ. Pro., (Laws of Utah,
1884, p. 283), provide that in a proceeding in the nature of a *quo
warranto*, in addition to the cause of action in behalf of the peo-
ple, the name of the person entitled to the office and a statement
of his right thereto, may be set out in the complaint and an ad-
judication had thereon; *held*, that a respondent in such action,
who has shown no title in himself, could not be heard to contest
the right of the person alleged to be entitled, and that the court
could proceed *ex parte* to determine such right.

APPEAL from a judgment of the district court of the
third district ousting appellant from the office of auditor
of public accounts.

*Messrs. Sutherland & McBride, Mr. Arthur Brown,
Mr. Ben. Sheeks* and *Mr. Le Grande Young,* for the
appellant.

The complaint is insufficient: Cooley's Const. Lim., 226
and note; *Sanbury, etc., R. R. Co. v. Cooper,* 33 Pa.
St., 278; *Ex parte Newman,* 9 Cal., 502; *People v. Dra-
per,* 15 N. Y., 545; *Wright v. Defrees,* 8 Ind., 302;
*Doyle v. Continental Ins. Co.,* 94 U. S., 535.

The only allegation which asserts the defendant's pres-
ent possession of the office is in these words: "And ever
since that time, he has and does still hold and exercise
the functions of said office, without authority of law there-
for." This averment asserts no fact except possession;
"without authority of law," is a legal conclusion. The
facts necessary to a good title in the incumbent to the
office should have been denied: *St. v. Missmore,* 14 Wis.,
120; *Groves v. Tallman,* 8 Nev., 178; *Flynn v. Abbott,*
10 Cal., 632; *People v. Jackson,* 24 Id., 633; *Stokes v.
Geddes,* 46 Id., 17; *People v. Williams,* 35 Id., 671;

*Bellows, Ex parte*, 1 Mo., 115; *Smith* v. *Lockwood*, 13 Bash., 209, 216; Laws 1884, p. 204, sec. 286, sub. 2.

As the complaint states a long possession, and no fact rendering it wrongful, it should be deemed rightful and evidence of title: *People* v. *Olds*, 3 Cal., 175; *State* v. *Boonefield*, 44 Mo., 154; *State* v. *Hunter*, 28 Pt., 595; *People* v. *Lacoste*, 37 N. Y., 192.

When the construction of the organic act is doubtful, the act of the legislature will not be declared null and void after so long an acquiescence and recognition by the people of Utah, and the Congress of the United States: *Romney* v. *People*, 19 N. Y., 41; *People* v. *Maynard*, 15 Mich., 470; *Lanning* v. *Carpenter*, 20 N. Y., 447; *Stewart* v. *School Dist.*, 30 Mich., 73; *Wells* v. *Nickles*, 104 U. S., 444; *People* v. *Dayton*, 55 N. Y., 577.

Another act, passed under precisely the same conditions, has twice been decided to be valid by the supreme court of the United States: *Clinton* v. *Englebrecht*, 13 Wall., 446; *Snow* v. *U. S.*, 18 Id., 317.

If the act prescribing the mode of filling these offices is void for conflict with the organic act, then the offices do not exist: Comp. Laws, p. 90; Laws 1878, p. 27; *Morris* v. *Carter*, 46 N. J. L., 260; *Quinton* v. *Rogers*, 12 Mich., 168; *State* v. *New Brunswick*, 38 N. J. L., 322; *Lathrop* v. *Mills*, 19 Cal., 513; *State* v. *Wheeler*, 25 Conn., 290; *Campan* v. *Detroit*, 14 Mich., 276, 286; *Mishmuir* v. *State*, 11 Ind., 482; Cooley's Const. Lim., 214-219; *State* v. *Donsman*, 28 Wis., 541, 547.

It was erroneous to try Pratt's title to the office *ex parte*: Laws 1884, p. 283, secs. 692-3-5.

The governor had no power to appoint Pratt nor any power of appointment, except in the cases mentioned in sec. 1858, U. S. Rev. St.; Comp. L. Utah, p. 39; *People* v. *Bissell*, 49 Cal., 407; *People* v. *Tilton*, 37 Id., 614.

*Mr. W. H. Dickson* and *Mr. P. L. Williams*, for the respondent.

The complaint is sufficient: High's Extra. Legal Rem. secs. 710 to 713, both inclusive; also, secs. 716 and 626;

*The People ex rel. Palmer* v. *Woodbury*, 14 Cal., 43; *Flynn* v. *Abbott*, 16 Cal., 358; *The People ex rel. Judson* v. *Thacher*, 55 N. Y., 525; *State of Nevada* v. *Haskell*, 14 Nev., 209; *State* v. *Harris*, 3 Ark., 570; Same case, 36 Amer. Decis. 460; *State* v. *Evans*, 3 Ark., 585; Same case, 36 Amer. Decis. 468; 30 American Decisions, note at pp. 51-52.

The defendant by his answer has recognized the rule of law in such cases, that he must either disclaim or justify, and has attempted to justify. But the answer fails to show any legal title to the office.

It is, in effect, a confession of the usurpation charged, and hence the judgment of ouster thereon was properly rendered.

The law providing for the election of this officer by the people, is in conflict with sec. 7 of the Organic Act of Utah, (see Comp. Laws, p. 30), and with sec. 1867 Rev. Laws U. S., (see Comp. Laws, p. 39): Compiled Laws of Utah, p. 90; Session Laws of Utah, 1878, p. 27; *Taylor* v. *Stevenson*, Sup. Court of Idaho, Vol. IX. Pac. Reporter, p. 642; *Duncan* v. *McAllister*, 1 Utah, 81; High's Extra. Legal Rem., sec. 719.

·The court below properly denied appellant's claim to litigate the alleged title of Pratt and correctly proceeded *ex parte* to determine Pratt's right to be admitted into said office: High's Extra. Legal Rem., sec. ·712; *Flynn* v. *Abbott*, 16 Cal., 358; *People, ex rel. Falkenberg* v. *Miles*, 2 Mich., 348.

An officer's right to hold over until a successor is only elected, or otherwise chosen, and qualified, only exists when he has been legally in the exercise of the office, in such a case he holds over as an officer *de jure*.  But if the incumbent has never been legally invested with the office, he is nothing more than an officer *de facto*, there is in legal contemplation in such case, a vacancy in the office: *People* v. *Stratton*, 28 Cal., 382; *State* v. *Howe*, 25 Ohio State, 588; same case, 18 Amer. Repts., 321; *People* v. *Tilton*, 37 Cal., 614; *People* v. *Wells*, 2 Cal., 198; Compiled Laws of Utah, p. 92, sec. 8.

POWERS, J.:

This is a proceeding in the nature of a *quo warranto* to determine the right of the appellant to the office of auditor of public accounts for the territory of Utah. The complaint alleges that "in the year A. D. 1879, the said defendant, Nephi W. Clayton, did usurp and intrude into the office of auditor of public accounts in and for the said territory of Utah; and ever since that time he has, and does still, hold and exercise the functions of said office without authority of law therefor." The complaint further states that "on the twenty-fifth day of January, A. D. 1886, and during the session of the twenty-seventh legislative assembly of said territory, Eli H. Murray, governor of said territory, duly nominated Arthur Pratt to be auditor of public accounts for said territory, and did then and there present the name of the said Arthur Pratt to the legislative council of said territory while the same was in session, and requested its advice and consent to the appointment of said Pratt to the said office; that the said council arbitrarily, and without lawful right or excuse, failed, neglected and refused to take any action whatever upon said nomination so presented; that the said session of the said legislative assembly and council expired on the twelfth day of March, A. D. 1886, and the same finally adjourned on that day without having taken any action whatever upon said nomination, and leaving the said office without any lawful incumbent. Plaintiff further alleges that the governor of said territory, at the twenty-fifth and twenty-sixth sessions of said legislative assembly, nominated and presented to said council the name of a person to fill the said office of auditor of public accounts; but the said council, at each of said sessions, failed and refused to take any action thereon; that the refusal of the said council to take any action at its said several sessions upon said nominations was with the full knowledge and information of the said council, and each and every member thereof; that the said defendant was then unlawfully holding and exercising the functions of said office, and as plaintiff is informed and believes, and upon his information and belief alleges the

fact to be, that such refusal on the part of said legislative council was for the purpose, and with the intention and design, of unlawfully aiding and abetting the said defendant in his said usurpation, intrusion into, and unlawful exercise of the duties of said office; that heretofore, to-wit, on the thirteenth day of March, 1886, and after the final expiration and adjournment of said legislative assembly and council, the said Eli H. Murray, as governor as aforesaid, duly appointed the said Arthur Pratt to be auditor of public accounts for said territory; that thereupon, to-wit, on the sixteenth day of March, 1886, the said Arthur Pratt duly qualified by taking the oath of office and executing an official bond, with sufficient sureties, as required by law, and thereafter, to-wit, on the seventeenth day of March aforesaid, he was duly commissioned as such officer; that after being so appointed and commissioned, and having so qualified as such officer aforesaid, the said Arthur Pratt, on said last-named day, duly demanded of said defendant that he surrender to him the said office, and the insignia thereof, which demand was then and there refused by the said defendant. Wherefore, the said plaintiff demands judgment that the said defendant is not entitled to the said office, and that he be ousted therefrom; that the said Arthur Pratt is entitled to said office, and that he be put into possession thereof, together with the books, safe, and all and singular the insignia thereto belonging; and that the defendant pay all costs herein."

The defendant answered, and denied any usurpation or intrusion into the office, or that he was exercising the functions of the said office without authority of law. The answer continues:

"Defendant has no information or belief sufficient to enable him to answer the allegation of the complaint to the effect that on the twenty-fifth day of January, 1886, during the session of the twenty-seventh legislative assembly of said territory, the said governor duly, or at all, nominated Arthur Pratt to be auditor of public accounts for said territory; or that said governor did then and there or at all, present the name of Arthur Pratt to the legislative council of said territory while the same was in ses-

sion, or required its advice or consent to the appointment of said Pratt to said office; and defendant, on that ground, denies said allegation. Defendant denies that said council arbitrarily, or without lawful right or excuse, failed, neglected, or refused to take any action whatever upon said nomination so presented. Defendant denies that said legislative assembly adjourned on the named or any other day whatever, leaving said office without an incumbent.

"Defendant has no information relating to the allegation to the effect that said governor, at the twenty-fifth or twenty-sixth session of said legislative assembly, nominated or presented to said council the name of a person to fill said office of auditor of public accounts; or that the said council, at each or either of said sessions, failed or refused to take any action thereon; and on that ground defendant denies said allegation. Defendant denies that the said alleged refusal of the said council to take any action, at its said several sessions, upon said alleged nominations, was with the full or any knowledge or information of said council, or of each or any member thereof, that the said defendant was then unlawfully holding or exercising the functions of said office. Defendant denies that such or any refusal on the part of said legislative council was for the purpose, or with the intention or design, of unlawfully aiding or abetting the said defendant in usurping or intruding into, or in unlawfully exercising, the duties of said office.

"Defendant denies that on the said thirteenth day of March, 1886, or at any other time, or after the final expiration or adjournment of said legislative assembly or council, the said Eli H. Murray, as governor as aforesaid, duly appointed the said Arthur Pratt to be auditor of public accounts for said territory; or that thereupon, or on the sixteenth day of March, 1886, or at any other date, the said Pratt duly qualified by taking the oath of office, or by executing an official bond, with sufficient or any sureties, as required by law, or otherwise. Denies that thereafter, on the date alleged, or any date, he, the said Pratt, was duly or otherwise commissioned as such officer. Defendant denies that after being so appointed or com-

missioned, or after having qualified as such officer, as alleged, the said Arthur Pratt, on said last-named day, or at any other time, duly demanded of said defendant that he surrender to him the said office, or the insignia thereof, which demand was then and there refused.

"Further answering the complaint of said plaintiff, defendant alleges that, on the first day of August of the year 1880, he was a citizen of the United States, over the age of 21 years, and then and there was, and ever since has been, and now is, eligible, under the laws, to hold office in Utah; and that at the regular election of that year, to-wit, on the second Monday of August, 1880, this defendant was duly elected auditor of public accounts for the territory of Utah; that afterwards, to-wit, in September of 1880, Eli H. Murray, the then Governor of Utah territory, then and there, under his hand and the seal of said territory, issued to the defendant a commission as such auditor, which was also signed by the secretary of said territory.

"Defendant further alleges that since said election of 1880 no one has been elected to fill said office, or as such officer, nor has said defendant resigned; and that he is, by virtue of said election and the said commission of said governor, and not otherwise, acting as auditor of public accounts for said territory. Wherefore said defendant prays to be hence dismissed, with his costs herein."

The defendant also demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the plaintiff moved for judgment upon the pleadings. The matter coming on to be heard, the court overruled the demurrer, and adjudged the answer of the defendant insufficient as a defense or justification for his holding and exercising the functions of the said office; that the defendant was guilty of usurping, and unlawfully holding and exercising, the said office; and that he be excluded therefrom. The judgment of the court proceeds: "And the said court, having heard the proofs offered and admitted *ex parte* upon the right of the said Arthur Pratt named in said complaint to be admitted into and hold the said office of territorial auditor of Utah, it is further considered, ordered, and adjudged

that the said Arthur Pratt is the lawfully appointed and commissioned auditor of said territory, and is entitled, after taking the oath of office, and executing such official bond as by law required, to use, hold, and exercise the said office, and perform the duties thereof, and receive the emoluments thereto belonging, until his successor is duly appointed and qualified. And it is further ordered and adjudged that the said defendant, Nephi W. Clayton, do forthwith yield and deliver up to the said Arthur Pratt the said office of territorial auditor, and all the books, papers, keys, safes, furniture, property, moneys, and records belonging or pertaining to the said office, or the business thereof, and that the said plaintiff have and recover from the said defendant the costs herein, taxed at twenty-two dollars and fifty cents."

From this judgment the defendant appeals.

It will be seen that the defendant founds his right to hold the office upon the fact that at the regular election held on August 1, 1880, he was elected to the position by the people of Utah, and afterwards commissioned by the governor; that no one has since been elected to fill the office. He does not allege that he ever qualified as required by law, but insists "that by virtue of said election, and the said commission of said governor, and not otherwise," he is acting as auditor of public accounts.

By the provisions of an act of this territory, entitled "An act to provide for the appointment of a territorial treasurer and auditor of public accounts," it is provided, in section 1, "that a treasurer and auditor of public accounts shall be elected by the joint vote of both houses of the legislative assembly, whose term of office shall be four years, and until their successors are elected and qualified, unless sooner superseded by legislative action:" Comp. Laws 1876, p. 90. In 1878 the legislative assembly passed an act, which was duly approved, providing that "the territorial treasurer and auditor of public accounts shall be hereafter elected by the qualified voters at the general election in August, 1878, and biennially thereafter; and the present incumbents shall hold their respective offices, and perform the duties of the same, until the next

general election, and until their successors shall be elected and qualified:" Laws 1878, p. 27, sec. 4.

It is contended by the plaintiff and respondent that the law providing for the election of a treasurer and auditor of public accounts is in conflict with section 7 of the organic act of Utah, and with section 1857 of the Revised Statutes of the United States, and that, therefore, the defendant is not legally entitled to the office held by him.

Section 7 of the organic act of the territory provides "that all township, district, and county officers, not herein otherwise provided for, shall be appointed or elected, as the case may be, in such a manner as shall be provided by the governor and legislative assembly of the territory of Utah. The governor shall nominate, and, by and with the advice and consent of the legislative council, appoint all officers not herein otherwise provided for; and, in the first instance, the governor alone may appoint all said officers, who shall hold their offices until the end of the first session of the legislative assembly:" Comp. Laws, 1876, p. 30.

Section 1857 of the Revised Statutes of the United States is as follows: "All township, district, and county officers, except justices of the peace and general officers of the militia, shall be appointed or elected in such manner as may be provided by the governor and legislative assembly of each territory; and all other officers not herein otherwise provided for, the governor shall nominate, and, by and with the advice and consent of the legislative council of each territory, shall appoint."

Congress having the paramount right to legislate for the territories, it must be conceded that if the act of the legislature under consideration is open to the objection urged against it, the same cannot be upheld or sustained: *Taylor* v. *Stevenson*, 9 Pac. Rep., 642. In the case just cited the court had under consideration section 1857 of the Revised Laws of the United States, in connection with an act passed by the legislature of Idaho, providing for the appointment of two commissioners, who, in conjunction with one other resident of the territory, to be selected and appointed by the two named, should perform the functions

of the office created, for the term specified by the law. The court in that case says: "This delegation of authority on the part of the governor and legislative council to the two commissioners, to select and appoint another, must be regarded with some degree of misgiving and doubt. All the powers intrusted to government in the territories, as well as the states, are divided into three departments: the executive, the legislative, and the judicial. It is wisely provided that the functions appropriate to each of these branches of the government shall be vested in a separate body of public servants, and it is apparent that the perfection of the system requires that the lines which separate and divide these departments shall be clearly defined and closely followed. It is also true, as a general proposition, that the powers confided by the fundamental law to one of these departments cannot be exercised by another. And where, as in this case, the organic law provides that the governor, by and with the advice and consent of the legislative council, shall appoint the territorial officers, we do not think the authority can be delegated to another body, and the governor thus divested of his prerogative. If this can be done and sanctioned in one instance, it may be in others, and by this method, or in the exercise of the two-third legislative rule over the governor's veto, the executive may be deprived of the appointing power which Congress has wisely confided to the executive branch of the territorial government."

We are clearly of the opinion that the act in question is in conflict with the organic law, and therefore void, and that the defendant has no title to the office of auditor of public accounts of this territory. It seems to us that no argument is needed to sustain this conclusion. The organic act has confided to the governor the duty of appointing the person to fill the office, by and with the advice and consent of the legislative council. If the legislature can take from him this power, and provide for the selection of the officer by any other mode, it can take from him every prerogative he possesses. Congress having pointed out the way by which the office in question should be filled, the legislature has no power to provide another

and different mode: *Duncan* v. *McAllister*, 1 Utah, 81. The case just cited fully answers the argument of counsel for appellant, that the case of *Clinton* v. *Englebrecht*, 13 Wall., 446, and that of *Snow* v. *U. S.*, 18 Wall., 317, hold that another act, passed under precisely the same conditions as the one in controversy, was valid: See *Duncan* v. *McAllister*, 1 Utah, 85.

· But it is argued if the act prescribing the mode of filling the office in question is void by reason of its being in conflict with the organic act, then the offices do not exist. This court held to the contrary years ago, in *Duncan* v. *McAllister*, 1 Utah, 87, and we see no reason for holding otherwise at this time. The act creating the office in question is entitled "An act to provide for the appointment of a territorial treasurer and auditor of public accounts." The act creates the office, and it provides the mode of election. It is therefore twofold. The first part is valid; the latter part is invalid. The act must be made to · read in accord with the organic law, which vests the power of appointment in the governor and council. The legislature of the territory has taken the same view that we now take of the question; for, in 1878, it changed the law so far as the manner of electing the officer is concerned. By the act of 1852 the auditor was elected by the legislature. By the act of 1878 he is elected by the people. In changing the manner of election the legislature had no idea that it was legislating the office out of existence. By its action it determined that the office remained, no matter how the officer should be chosen. Moreover, if the whole act should be held void, it would not help the defendant. He would be just as clearly a usurper. He has no more interest than any other citizen in the question whether Arthur Pratt, the governor's appointee, has any title to the office, and we think the court below properly denied the defendant's claim to litigate Pratt's title. He is not interested in the question as to Pratt's right, but only in the determination of his own right to the office: *People* v. *Abbott*, 16 Cal., 359; *People* v. *Miles*, 2 Mich., 349.

But it is insisted that, while this may all be true, the act of the legislature which we hold to be invalid has been

ratified by long acquiescence by Congress, and by the people of this territory, as well as by the action of the territorial legislature. If the legislature had not the power to pass the act in the first instance, it had no authority to ratify it. A legislative body may ratify an act subsequently, when it had the power to do the act in the first instance. It cannot, by ratification, make a void act valid. Congress did not pass the act in question, and the territory can only exercise such powers as are given it expressly by Congress, or which are necessary in the exercise of the powers expressly granted. It is said that it is the duty of the territorial secretary to report the laws passed by our legislature to Congress, but the approval of Congress is not essential to the validity of the law, nor does its invalidity depend upon the disapproval of Congress. If the law is contrary to the Constitution of the United States, or to the organic act, or to any law of Congress, it is invalid without any disapproval of Congress. Neither can the acquiescence of the people of the territory breathe the breath of life into an invalid law. The law in question was dead from the beginning.

We quite agree with counsel for the respondent that an officer's right to hold over until a successor is duly elected, or otherwise chosen and qualified, only follows where he has been legally in the exercise of the office, and in such cases he holds over as an officer *de jure*. But, on the contrary, if the incumbent has never been legally invested with the office, he is nothing more than an officer *de facto*. There is, in legal contemplation, in such a case, a vacancy in the office. *People* v. *Stratton*, 23 Cal., 382; *State* v. *Howe*, 25 Ohio St., 588; S. C., 18 Amer. Rep., 321; *People* v. *Tilton*, 37 Cal., 614; *People* v. *Wells*, 2 Cal., 198.

There being a vacancy in the office, we think there can be no doubt but that the governor was authorized to fill the same by appointment, and that the court below was correct in adjudging that Arthur Pratt, by virtue of the governor's appointment, and his qualification under that appointment, is the auditor of public accounts for the territory of Utah.

It is provided by section 8 of the act of 1852 that "vacan-

cies may be filled by executive appointment in the foregoing or any office, when the mode of supplying vacancies is not prescribed by law." Nothing can be plainer than the foregoing, and the act of the governor in making the appointment was clearly within his power, and strictly within his duties. If he had omitted to make the appointment, he would have failed to have done his duty. He simply did that which the law required him to do. We hold that Arthur Pratt is the auditor of public accounts of the territory, and that he is entitled to be put in possession of said office, together with the books, safe, and all and singular the insignia thereto belonging.

It is also urged that the demurrer should have been sustained because the complaint does not set forth the facts as required by our Code. The complaint is brought under chapter 5 of the Laws of 1884: See Laws 1884, 282. Section 691 of the act is as follows: "An action may be brought in the name of the people of this territory against any person who usurps, intrudes into, holds, or exercises any office or franchise, real or pretended, within this territory, without authority of law." The complaint alleges that the defendant "did usurp and intrude into the office of auditor of public accounts in and for the territory of Utah, and ever since that time he has and does still hold and exercise the functions of said office, without authority of law therefor." In a criminal case it is usually sufficient to describe a statutory offense in the terms of the statute. It is insisted that this statement is a conclusion of law; that it does not conform to the Code, and state the facts constituting the cause of action. The complaint alleges that the respondent " holds and exercises the functions of the office without authority of law therefor." It would have been more precise to have stated "without appointment," that being the only way in which the defendant could lawfully enter into the office.

The object of the Code is to make pleadings plain and simple. It does not require of the pleader more than was required at the common law. It usually requires less. If, then, this complaint would have been sufficient in its allegations, as tested by the rules of the common law, it is

sufficient under the code.   While our statute has changed
the form of pleading with respect to rights and wrongs,
of which *quo warranto* was formerly the remedy, the
change is simply as to form, and not as to substance.   The
position of the parties, the rules of evidence, and the pre-
sumptions of the law remain the same as before.   As we
shall see, the burden is upon the defendant to show his
right to the office when it is challenged by the people.
It is not necessary to show or point out, with great par-
ticularity, the acts which constitute the wrongful usurpa-
tion or wrongful holding of the office.   If the defendant
had an appointment, he had it in his possession, and it
is not necessary to allege it with the nicety required in
other actions.   It is sufficient to challenge the defendant's
right, and he must disclaim or justify.

The ancient writ of *quo warranto* was a writ of right for
the king, against one who usurps any office, franchise, or
liberty, to inquire by what authority he supports his
claim, in order to determine the right: 3 Bl. Comm., 262.
In theory, the king was the fountain of honor, of office,
and of privilege.   And whenever a subject undertook to
exercise a public office or franchise, he was, when called
upon by the crown, through the writ of *quo warranto*,
compelled to show his title, and if he failed to do so, judg-
ment passed against him.   The foundation of the rule may
have been that as all offices and franchises are the gift
of the king, they were deemed to be possessed by him,
and, until his grant was shown, there could be no pre-
sumption that he had parted with them, or invested a sub-
ject with the right to exercise, by delegation, any part of
the royal prerogative; but whatever may have been the
origin of the rule, it was well established, and was applied
also in cases where proceedings by information, in the
nature of a *quo warranto*, were resorted to as a substitute
for the writ.   *Rex* v. *Leigh*, 4 Burr., 2143.   In this terri-
tory a remedy by action is given in the place of the writ of
*quo warranto*, and an information in the nature of a *quo
warranto*.   The people are, in this country, the ultimate
source of the right to hold office; and now, under the
code, as at common law, when the right of a person exer-

cising an office is challenged in a direct proceeding by the district attorney, the defendant must establish his title, or judgment will be rendered against him: *People* v. *Thatcher*, 55 N. Y., 529; *People* v. *Woodbury*, 14 Cal., 43; *Flynn* v. *Abbott*, 16 Cal., 358; *State* v. *Haskell*, 14 Nev., 209; *State* v. *Harris*, 3 Ark., 570; S. C. 36 Amer. Dec., 460; *State* v. *Evans*, 3 Ark., 585; S. C. 36 Amer. Dec., 468; *People* v. *Rensselaer & S. R. Co.*, 30 Amer. Dec. 51, 52, and note.

High, in his work on Extraordinary Remedies, section 713, lays down the rule as follows: "As regards the question of intrusion into or usurpation of the office, to test which an information is filed, it is regarded as sufficient to allege, generally, that the respondent is in possession of the office without lawful authority; and, in case the pleadings are defective in this respect, the defect is one which should be taken advantage of by special demurrer." And, again, in section 716, he says that "where the proceedings are instituted for the purpose of testing a title to an office, the proper course for the respondent is either to disclaim or justify. If he disclaims all right to the office, the people are of right entitled to a judgment, as of course. If, upon the other hand, the respondent seeks to justify, he must set out his title specially and distinctly; and it will not suffice that he alleges generally that he was duly elected or appointed to the office, but he must state specifically how he was appointed, and, if appointed to fill a vacancy caused by the removal of the former incumbent, the particulars of the dismissal, as well as of the appointment, must appear. The people are not bound to show anything, and the respondent must show, on the face of his plea, that he has a valid and sufficient title; and if he fails to exhibit sufficient authority for exercising the functions of the office, the people are entitled to judgment of ouster. Unless, therefore, the respondent disclaims all right to the office, and denies that he has assumed to exercise its functions, he should allege such facts as, if true, invest him fully with the legal title; otherwise he is considered as a mere usurper."

The burden of proof and of allegation being upon the

defendant, we think that the complaint was sufficient to challenge the right of defendant, and to compel him to show his title; and, not having shown a valid title, judgment was properly rendered against him, and in favor of the governor's appointee; for, under our code, the district attorney may, in addition to the cause of action in behalf of the people, set forth the name of the person entitled to the office in question, with a statement of his right thereto; and by the following section it is provided that, "in every such case, judgment may be rendered upon the right of the defendant, and also upon the right of the party so alleged to be entitled, or only upon the right of the defendant, as the form of the action and justice may require:" Laws 1884, 283.

There is no error in the record, and the judgment is affirmed, with costs.

ZANE, C. J., and BOREMAN, J., concurred.