BlaCKbuen, J.:
This suit is upon a postmaster’s bond. The ease was regularly set for trial, and when it was reached it was called for trial. The plaintiff’s attorney said he was not ready for trial, but made no showing for a continuance, and thereupon, on motion of the defendants, the cause was dismissed. Afterwards the plaintiff made motion to reinstate the case on the docket, and good cause was shown in the opinion of the court. The court ordered the case reinstated, on condition that plaintiff pay all costs and an attorney’s fee of $10, which the plaintiff declined to pay, and the case was finally dismissed, from which order and judgment this appeal is taken.
The view we take of this case renders it unnecessary to pass upon the first assignment of error. We think the second error assigned is well taken. The plaintiff is the sovereign, and the court cannot tax cos\;s and impose terms on the sovereign when it is a party in litigation, unless there is a statute authorizing it to be done, and there seems to be no statute of the congress authorizing this to be done. U. S. v. Boyd, 5 How. 29; U. S. v. Barker, 2 Wheat. 395; The Antelope, 12 Wheat. 546; U. S. v. McLemore, 4 How. 286; U. S. v. Averill, 4 Utah 421; 7 Pac. Rep. 527. The case is reversed, and the district court directed to reinstate the case on the docket without terms.
Zane, O. J., and Andeeson, J., concurred.