LEVALLY *et al.* v. ELLIS *et al.*

1. COPARTNERSHIP DEBTS. The individual property of a partner can be subjected to the satisfaction of a judgment against the firm as such only by *scire facias;* it is otherwise when the judgment on a copartnership obligation is against the members of the firm as individuals.

*Appeal from Bremer District Court.*

SATURDAY, OCTOBER 11.

THE facts are stated in the opinion of the court.

*John E. Burke* for the appellants.

*Wright & Avery* for the appellees.

BALDWIN, C. J. — Bennett, White & Co. obtained a judgment by confession against Harmon & Hamilton on the 12th day of April, 1860. On the 20th of July, following, Hamilton and wife mortgaged the property upon which they were then living to the school fund, as security for a note of $350. The plaintiffs were also sureties upon this note. In May, 1861, Hamilton and wife sold the premises mortgaged and moved to California. After this sale, the said Bennett, White & Co. issued an execution upon the judgment against Harmon & Hamilton, and caused the property mortgaged to the school fund, to be levied upon, and offered for sale.

The complainants by this proceeding seek to enjoin this sale, claiming that the property levied upon was the individual property of one of the members of said firm, that it was not liable for a firm debt until all of the firm property had been exhausted. Also claiming that the property levied upon was the homestead of Hamilton, and not liable to execution and sale for the said firm debt. Other matters are set up as causes why the sale should be enjoined, such

as a confederation to oppress the complainants, and the agreement of Harmon to pay all of the firm debts, which are immaterial for the present to be determined.

The defendants answer, denying all the allegations of the bill, and upon the answer filed, moved to dissolve the injunction, which motion was overruled, and they appeal.

If the judgment upon the power to confess, was against the firm of Harmon & Hamilton, as a firm, the property of Hamilton should not be levied upon or made liable to the partnership debt, without giving to the individual members of said firm an opportunity to show cause why it should not be taken. If, however, the judgment was against the individual members of the firm, the property of Hamilton was liable, unless exempt as his homestead. The judgment entry is not before us. The power of attorney, authorizing the confession, shows that it was for a firm debt, but they each authorize the clerk to render a separate judgment. A copy of the execution issued tends to show that the judgment was against the firm alone. The complainants claim that it was a judgment against the firm alone; respondents claim that it is against the individual members of the firm. This question cannot be determined from the pleadings, and as this is the controlling question in the case, we would not undertake to say that the court erred in refusing to dissolve the injunction.

We think the complainants can claim nothing upon the ground that the property was the homestead of Hamilton. It is conceded that it was not the homestead at the time the debt to Bennett, White & Co. was contracted, nor was it used as a homestead when levied upon. If Hamilton himself could claim its exemption it would be upon the sole ground that the judgment creditors had not exhausted all other property before resorting to the homestead.

Affirmed.