TICONIC BANK v. HARVEY *et al.*

1. APPEAL: TRIAL OF CHANCERY CAUSES. Causes tried by the first method provided by statute for hearing equitable issues, on appeal to the Supreme Court, are tried on both the law and the facts as apparent of record.

2. OF THE RECORD OF EVIDENCE. It is not necessary to embody the evidence offered and received on the trial of equitable issues by the first method, in a bill of exceptions. The evidence is in writing and should be transmitted to the Supreme Court with a certificate of the Clerk that all of it is transmitted; and such certificate will be regarded as conclusive until it is attacked or impeached by some suggestion, that a portion of the testimony has been omitted, or that improper matter is included.

3. OBJECTION TO EVIDENCE: WHEN MADE. When the record of an equitable cause tried by the first method is imperfect, because it does not embrace all of the evidence, the objections should be made before the hearing.

4. ERROR: ADMISSION OF IMPROPER EVIDENCE. A decree will not be reversed because the evidence of an incompetent witness was received by the court below, when the decree is sustained by the other evidence in the record.

5. HUSBAND AND WIFE: PROPERTY OF THE WIFE. While in equity the wife may take real property to her own separate use and hold it independently of her husband, she cannot do so by the use of his means, or those which the law recognizes as his.

6. SAME: EARNINGS DURING COVERTURE. The joint earnings and products of the labor of the husband and wife, during coverture, belong to the husband and are subject to the payment of his debts.

7. SAME: Where real estate was purchased in the name of the wife, with money borrowed in her name, which was repaid in part by the products of the real estate; and the evidence showed that the business was managed by the husband in this manner, for the purpose of secreting the property from the creditors of the husband, who was involved in debt: *Held*, that in equity the property was subject to the payment of the creditors of the husband.

8. SCIRE FACIAS: GENERAL RULE AND EXCEPTIONS. The general rule that *scire facias* is necessary to subject the property of a partner to the payment or satisfaction of a judgment against the copartnership, applies to cases where the title to the property is indisputably in the hands of the partner, and may, after *scire facias*, be subjected, without other proceedings, to the satisfaction of the debt; but not to cases in which equitable proceedings are necessary to discover the title and declare it to be in the partner.

9. SUPPLEMENTAL EQUITABLE ACTIONS: RETURN OF NULLA BONA. A return on an execution against a copartnership, showing that no property of the firm has been found; but that there exists property which may be subjected to its payment belonging to one of the partners, is a sufficient return of *nulla bona* to authorize the commencement of proceedings under chapter 137, Revision of 1860, to subject such property to the satisfaction of the execution.

*Appeal from Linn District Court.*

THURSDAY, APRIL 21.

THE petition claims that plaintiff obtained judgment against Harvey & Dinsmore, that upon an execution issued thereon, certain lands were levied upon as the property of ·Harvey; that the title to said lands is in Abigail R. Harvey, the wife of Stephen F. (of the said firm of Harvey & Dinsmore); that said lands were paid for by Stephen F., and the title taken in the name of the wife for the purpose of hindering and delaying creditors. The prayer is that the conveyance to Abigail R. may be declared null and void, and the lands subject to said execution. The cause was heard upon bill, issues duly joined thereon, depositions— decree for complainant, and respondents appeal.

*Thomas Corbett* and *Grant & Smith* for the appellant, as to the necessity of a return of *nulla bona* as a foundation for this proceeding, cited Rev., 1860, § 2877; *Brinkerhoff* v. *Brown*, 4 Johns. Ch., 671; 9 Wend., 548; 3 Kern., 161. As to the competency of the husband and wife as witnesses for each other: *Russ* v. *The Steamboat War Eagle*, 14 Iowa, 363; 1 Greenl. Ev., 334–6; *Hasbrouck* v. *Vandervoort and Hayward*, 5 Seld., 153; 2 Sand., 540; 8 Paige, 583; How. N. Y. Code, 605.

*I. M. Preston & Son* for the appellee, reviewed the authorities cited by appellant's counsel.

WRIGHT, Ch. J.—It is first suggested by appellee's counsel that the testimony is not certified in such form as to properly bring it before us.

The case was tried in the first method provided by statute for hearing equitable issues, and on this appeal, therefore, we are to try it on both the law and facts as apparent of record. (Rev. 1860, § 2999.) The practice in such cases does not require that the evidence should be embodied and preserved by bill of exceptions as in a law action. The evidence is to be in writing, and when the clerk certifies, as he does in this instance, that it is all transmitted to us, we act upon it in determining the facts, and must take such certificate as conclusive, until it is attacked or impeached by some suggestion that a part of the testimony has been omitted, that improper matter is included, or other similar method.

When the clerk attaches his proper certificate, a mere suggestion, on the hearing that there is no bill of exceptions embodying the evidence, or that it is not all before us, cannot avail; for if the record is imperfect the objection should be made before the submission of the cause, unless good and sufficient cause for not making it before should be shown.

Appellants object that the testimony of Abigail R., the wife of the respondent, Stephen F., taken at the instance of complainant, was improperly admitted against the husband's objection. We must confess to some surprise that this objection should be made by appellants, for while her testimony was taken by complainants, it serves but little, if any, to aid the case made by the bill. Indeed, without this testimony, we think complainant is entitled to the relief asked, and the only question is whether, considering it, the facts are substantially changed. Our conclusion is, that though the testimony of the wife is against rather than in favor of complainant, and whether it is admitted

or rejected, the allegations of the bill are nevertheless sustained by the evidence, and that thus far the decree below is correct. The husband failed in the east and removed to the west, in insolvent circumstances. In this condition, and while owing complainant's debt, he bought this land, taking the title in his wife's name. A mortgage was executed by her to secure a portion of the purchase-money; the whole business, however, was transacted by him, and he has all the time treated and used the property as his own. He has made the improvements, attended to the payments, being generally careful, however, to use the name of his wife. He has also engaged in and carried on other business in the wife's name, or that of some relative, the evident purpose being to secrete the property and keep it from the payment of his debts.

The mere borrowing of money in the wife's name, securing the same by mortgage on the land to pay the purchase-money, would not make the property her's or give her an equity in it as against his creditors. Nor does she acquire any greater right from the fact that a portion of the products of the farm, held in her name, were applied to liquidate such debt. For while it is true that in equity the wife is capable of taking real property to her own separate use, and of holding it independently of her husband, she cannot do so by the use of his means, or those which the law recognizes as his, to the prejudice of his creditors. Thus, while she might, with money devised to her or means given to her by her father or other relative, purchase real estate and hold it in her own name exempt from her husband's debts; she cannot by taking title merely in her own name and paying the purchase-money from products of the estate, raised and produced by their joint labor, claim that her claim or equity is paramount to that of existing creditors. As a rule, the services of the wife and the products of her labor belong as much to the husband, under our statute, as

at common law. In this and all similar cases, the actual facts and intention of the parties must be considered. The proposition that the law never implies, and courts never presume a trust, express or implied, but in cases of absolute necessity, has no legitimate place in determining them. It is not a question whether as between husband and wife there was a trust which equity would recognize and enforce, but whether, as to creditors, the property belongs to the husband. We feel clear in holding that he paid for this land by using funds actually or legally his, and that the title was taken in the name of the wife to keep it from the payment of his debts. And this being true, the relief asked should be granted if complainant has a proper standing in this court.

And under this head, appellants insist that the property of Harvey has not been made liable by *scire facias* and that until this is done and an execution, as to his property, returned unsatisfied, in whole or in part, equity cannot grant relief.

The bill shows a judgment against Harvey & Dinsmore as a firm; that Dinsmore is a non-resident; that the firm has no property subject to execution from which the judgment, or any part of it, can be made; that a return to this effect had been made by the sheriff upon an execution issued on said judgment; that the sheriff was unable to find any property subject to said writ, of the said Harvey, and by direction of complainant's attorney had levied it upon the lands in controversy; that the title to said lands is in Abigal R., the wife, in fraud of the husband's creditors; and prays that the title of the said wife be declared void as against petitioner's rights; that it be decreed the property of Stephen F., and subject to the execution aforesaid and for general relief.

We do not controvert the general proposition, that a *scire facias* is necessary to subject the individual property

of a partner to the payment or satisfaction of a judgment against the partnership. *Levally* v. *Ellis*, 13 Iowa, 544; *Davis* v. *Buchanan*, 12 Id., 575; Rev., 1860, § 2785; *Hamsmith* v. *Espy*, 13 Id., 439. And though the general rule, as thus stated, is well understood, we suppose it will be conceded that, primarily, it has reference to cases where the title to the property is indisputably in the individual partner, and which can be sold without any further or other obstacle, after he has had an opportunity, under the proceedings, by *scire facias*, against him, to show cause to the contrary. Suppose, however, as in this case, a proceeding in equity becomes necessary to uncover the property, must the proceedings by *scire facias* precede the equitable action; and if not, then may all the questions and rights of the parties be settled in equity, or only the question of fraud, the petitioner, if successful, being turned over to a subsequent action, to subject the property thus uncovered to the payment of the judgment against the partnership? And, while it may be admitted that the question is invested with some doubt and difficulty, it seems to us that there are good and sufficient reasons for holding that the creditor is not compelled to first proceed by *scire facias*.

Conceding, as claimed by appellants, that chapter 127 of the Revision provides for the only creditor's bill known to our practice, and that thereunder the return of an execution, *nulla bona*, is necessary to entitle a party to seek the aid of a court of equity, the argument is not advanced much, nor by any means conclusive, as applied to the present case. The sheriff has returned, *nulla bona*, as to the partnership, and the same as to the individual partner, aside from the property, the title to which is now in controversy. And we suppose the practice to be, neither improper nor irregular, which shows an execution returned, no property found as to the partnership, and that there exists property which may be subjected to its payment, belonging to some indi-

vidual composing the firm. A proceeding by *scire facias* presupposes the existence of property belonging ·to the individual members, or some one of them, and asks that he or they may show cause, if any they have, why it should not be made liable to the judgment against the firm. Now, complainant, in this instance, had progressed so far, as to show, by the return of the sheriff, that there were no partnership assets; and by the same return and his bill, that there are certain lands belonging to one of the members of the firm which ought to be subjected to the payment of the judgment, but which, in fraud of her rights, are so situated that they cannot be sold. And in this stage of the proceeding, a bill in equity is filed, to ascertain the true state of the title; and to it the objection is made, that complainant should first, by *scire facias*, have given the respondent, Stephen F. Harvey, an opportunity to show cause why his property should not be made liable to pay said judgment.

The same objection in principle was made in the case of *Postlewait et al.* v. *Hows et al.*, 3 Iowa, 365. That was a creditor's bill to reach certain property held by the widow and make it liable to the payment of certain judgments against her late husband.

It was objected that a portion if not all of the judgments were dormant, that executions could not issue thereon till revived by *scire facias*, and that complainants could not therefore proceed in equity, at that time, to subject the property to satisfy the same, and yet it was held that the object was to remove an obstacle, which it was alleged was fraudulently interposed to prevent the collection of the judgments, that as such creditors, complainants had a right to ask its removal, though, when removed, they should be turned over to their proper, independent, legal remedy, to obtain process of law to make the sale. The cases of *Hogan* v. *Walker et al.*, 14 How., 29; and *Burrough* v. *Elton*,

11 Vesey, 28; are referred to as clearly recognizing the doctrine that a judgment creditor may thus proceed in equity, though he may afterwards be required, before obtaining execution, to revive his judgment by *scire facias*. And why, by analogy at least, that case is not decisive of the present controversy, we cannot understand. The thought that the legal remedy should first be exhausted is not applicable, for it will be seen at once, that after the order subjecting the private property has been made under the *scire facias* proceedings, this proceeding would still be necessary to develop or uncover the title, or disclose the fraud. It is not as though it was objected to a creditor's bill that no return of *nulla bona* had first been made; for the theory of that objection is, that until this is done, the creditor is in no position to interfere with a title, even fraudulently obtained. But how does this reasoning apply where equity is invoked, as in this case, not so much *in aid* of legal process, as independently of it, to remove an obstacle fraudulently interposed. Not only so, but when property exists which is only accessible by the aid of equity, we know of no good reason why a party may not go at once to that court for relief. Nor, once more, can we conceive of any rule violated, in allowing the partner, with his co-respondents, to not only resist the *mala fides* of the alleged transaction, but also to show cause why his individual property should not be made liable to satisfy the partnership judgment. The proceeding "to show cause" partakes somewhat of the nature of an equitable action, and in consonance with the spirit and policy of the rule which discountenances circuity and multiplicity of actions, we see no reason why equity, having properly obtained jurisdiction, may not grant the entire necessary relief.

Decree affirmed.