JOHN W. ENRIGHT AND OTHERS, RESPONDENTS, *v.* RICHARD GRANT AND ANOTHER, APPELLANTS.

CREDITORS' BILL—STATUTORY PROCEEDINGS SUPPLEMENTAL TO EXECUTION.—The "proceedings supplemental to execution," given by the Code of Civil Procedure, cap. 2, title 9, Laws of Utah, 1884, are not exclusive of the equitable remedy of a creditor's bill to subject property of the debtor to the payment of the debt.

ID.—PLEADING AND PRACTICE—JOINDER.—A creditor's bill was brought by plaintiffs, two of whom, partners, alleged a judgment, issue of execution, and return wholly unsatisfied, and the other plaintiff alleged a judgment, and both alleged certain property of defendant, held by defendant's wife for defendant on a secret and fraudulent trust, and that defendant had no other property known to plaintiffs out of which an execution could be satisfied; *held*, HENDERSON, J., *dissenting*, that this was a sufficient allegation of insolvency as to all the plaintiffs, and that there was no misjoinder of causes of action.

APPEAL from a decree of the district court of the third district, and from an order refusing to set aside a decree rendered upon default and to open the default.

The allegations of the complaint appear sufficiently from the opinion, also the grounds of demurrer. The demurrer was overruled on the 20th day of February, 1886. Default was entered on the 1st day of July, 1886. Findings were made and filed, and decree rendered on the 23d day of October, 1886. On the 10th day of February, 1887, the defendants moved to set aside the decree and open the default, which was overruled on the 12th day of February, 1887. The other facts appear in the opinion.

*Mr. Arthur Brown*, for appellants.

The supplemental proceedings offer a plain legal remedy, and hence creditors' bill cannot be brought.

If, however, such proceedings can be maintained, they must be in strict conformity to the old chancery practice. Under that practice, two forms of bills of complaint were in use. First. One in aid of an execution to remove any obstruction fraudulently interposed to the sale of real property under such execution, or any other obstruction which prevented plaintiff from having full remedy from his levy under it. Second. A complaint to reach interests not leviable by execution, but choses in action, equities in real property, which could not be taken by execution, and other like cases. In this class of cases the execution must not only be issued, but after the full time allowed by law, it must be returned by the sheriff unsatisfied. In either case, and in all cases, before a creditor's bill would lie, there must be an execution: *Williams* v. *Hubbard,* Walk. Ch., 28; *Smith* v. *Thompson,* Walk. Ch., 1; *Jones* v. *Green,* 1 Wallace, 330; *M. & T. Bank* v. *Dakin,* 51 N. Y., 522; *Geery* v. *Geery,* 63 N. Y., 256; *Fox* v. *Mayer,* 54 N. Y., 128; *Dornmuit* v. *Ward,* 108 Ills., 216; *Dunley* v. *Tallmadge,* 32 N. Y., 457; *Walser* v. *Seligmm,* 13 Fed. R., 415; *Rice* v. *Rice,* 20 Vt., 479; *Tyler* v. *Platt,* 30 Mich., 63; *Lewis* v. *Lanphere,* 79 Ill., 190.

Plaintiff Bremer had obtained judgment, but no execution had been issued. He is, therefore, improperly joined to the other plaintiffs, and the demurrer should have been allowed upon the third ground stated: *Thurber* v. *Blanck,* 50 N. Y., 81; *Trask* v. *Green,* 9 Mich., 366; Freeman on Ex., 116; Freeman on Ex., 136.

The plaintiffs, Enright and Kelley, had no better standing. They filed a bill to recover choses in action, merely. Before such a bill as that can be maintained, execution must not only have been issued, but it must remain in the hands of the officer the full time prescribed by law. If returned in less time than that period, the judgment creditors' bill is without jurisdiction: *Crippen* v. *Hudson,* 13 N. Y., 161; *Smith* v. *Thompson,* Walk. Ch., 1; *Williams* v. *Hubbard,* Walk. Ch., 28.

It is alleged in this complaint that the execution was

duly returned unsatisfied. The word *duly* may cover the "form" of the return, but cannot supply the date. It might have been "duly" returned twenty-four hours after the sheriff got it. Such return, under the authorities above cited, would not satisfy the requirements of law. Neither plaintiff brought himself within the law, to-wit: Having a valid execution, in aid of which the specific relief of the court of chancery was invoked, or having an execution returned after it had been in the hands of the officer sixty days unsatisfied. The ground of the demurrer, then, was well taken, that the complaint did not set forth a cause of action. Both points above made would arise upon the sufficiency of the decree, even if no demurrer had been interposed. If the complaint does not justify the decree, the point is upon appeal: *Preston* v. *Wilcox*, 38 Mich., 580.

Mr. *E. D. Hoge* and Mr. *Wilson I. Snyder*, for the respondent.

The demurrer was properly overruled.

The court has jurisdiction by creditor's bill to clear the way for the execution, to enable the creditor to present an unembarrassed title, to set aside fraudulent alienations and covinous transfers, to deal with fraud whenever it is found, and to remove obstacles in the way of the enforcement of the judgment: Wait Fraud Conv., sec. 58, p. 86; Ib., sec. 59, 60; Freem. Ex., 136.

And this, notwithstanding the code provision of proceedings supplemental to execution.

There was no misjoinder of either parties or causes of action: *Case* v. *Beauregard*, 101 U. S., 690; *Pratt* v. *St. Clair Heirs;* 6 Ohio, 227; *Multnomah St. Ry. Co.* v. *Harris, supra*; 6 Johns Ch., 139; 1 Edw. Ch., 450; 9 Paige Ch., 595; Pom. Rem., sec. 267.

HENDERSON, J.:

The complaint in this case is in the nature of a judgment creditor's bill. It avers that plaintiffs Enright and Kelly are copartners; that as such, on the thirty-first day of December, 1883, they recovered a judgment in the

third district court against Richard Grant for $866.55 and
costs, and that on that day an execution was issued and de-
livered to the sheriff of Summit county, where the defend-
ants reside: "that said execution has been duly returned
by said sheriff wholly unsatisfied;" that on the ninth day
of April, 1884, the plaintiff Bremer obtained a judgment
against defendant Richard Grant in the third district
court for $426.07, and costs, (there is no allegation that ex-
ecution has been issued or returned;) that defendants are
husband and wife; that, after the indebtedness accrued
upon which the said judgments were rendered, the defend-
ant Richard Grant was the owner in his own right of cer-
tain real estate in Park City; that he sold it, and with the
proceeds purchased lot 11, in block 22, Park City, and
caused it to be conveyed to his wife, Bridget Grant, and
built thereon a building, and purchased fixtures and stock
necessary to conduct a saloon, and conducted a saloon busi-
ness in the name of Bridget Grant, pretending it was hers;
that Bridget had no property whatever, but that all of said
property, fixtures, and stock was purchased with money be-
longing to Richard Grant, and that Bridget's title thereto
was without consideration, and was wholly void, as against
the plaintiffs; that Bridget has sold an undivided half of
the property to one Clark, but that she still retains one-
half, which, plaintiffs allege, in fact belongs to Richard,
and is subject to their rights as his creditors; that Rich-
ard Grant was also the owner of certain mining claims in
Summit county, which he sold to one M. Shaughnessy, and
received his promissory note therefor for $3,000, and that
he assigned said note without consideration to his wife, and
that his said wife has commenced suit on said note for the
collection thereof, which suit is now pending; that all of
said conveyances and transfers of said lot, saloon, and note
to Bridget was in trust for Richard, and was done for the
purpose of hindering, delaying, and defrauding the credi-
tors of Richard, by concealing it from and putting it be-
yond the reach of such creditors; and that Richard has al-
ways remained in the possession and control of the whole
thereof; "that the defendant Richard Grant has not any
property other than that specified herein, to the knowl-

edge of plaintiffs, out of which the execution on the judgments aforesaid could be satisfied, in whole or in part; and that, unless the said property can be applied to the payment of said judgments, the same must remain wholly unpaid." Judgment is demanded that the conveyances and transfers to Bridget be declared void as to plaintiffs, and that she be decreed to hold the same in trust for Richard and his creditors; and that the defendant's property, real, personal, and equitable, of whatever nature, be sequestered and applied to the payment of the judgments, and prays for injunction and receiver according to the practice in courts of equity, and that all of the property, real, personal, and equitable, of Richard, be transferred to such receiver.

To this complaint defendants demurred upon the following grounds: *First*, that the court has no jurisdiction of the subject of this action, for the reasons that the "proceedings supplemental to execution" established by the Code of Civil Procedure of this territory are a substitute for a creditors' bill, and constitute the only manner of obtaining the relief sought; *second*, that said complaint does not state facts sufficient to constitute a cause of action; *third*, that there is a misjoinder of plaintiffs, for the reason that plaintiffs Enright and Kelly and said plaintiff Bremer do not stand in the same situation as creditors, and that they have no common interest as creditors; *fourth*, that several causes of action have been improperly united, for the reason that the cause of action of said plaintiffs, Enright and Kelly, and the cause of said plaintiff Bremer are united in this action.

February 20, 1886, the court overruled the demurrer, and allowed ten days to answer; and, no answer being filed within the time allowed, default was entered, the cause brought to hearing October 26, 1886, and, on hearing, the court found the facts substantially as stated in the complaint, and made a decree that the plaintiffs by virtue of their judgment, and the commencement of this action, have a lien upon the property hereinafter described, which lien took effect on the thirty-first day of December, 1883. That the claim and title of Bridget Grant, of, in, and to an un-

divided one-half of lot 11 of block 22 of Park City, Summit county, Utah territory, together with the saloon building thereon, and the saloon fixtures, furniture, and stock, is without consideration, and is fraudulent and void, as against the plaintiffs in this action. That the indorsement and assignment of the promissory note of M. Shaughnessy for $3,000 from Richard Grant to Bridget Grant be, and the same is hereby, set aside and deemed to be void, and that defendants recover their costs taxed at the sum of $51.05.

On the twelfth day of February, 1887, the defendants moved to vacate the decree and default, on the ground that the decree had been rendered without evidence as to the fraud charged in the complaint, and on account of the excusable neglect of the defendants and their attorneys. Various affidavits were read in support of the second charge alleged, and rebutting affidavits were also read. The motion was denied. The defendants appeal from the decree, and from the order denying the motion of defendants.

The first question presented is whether an original complaint in the nature of a creditors' bill can be maintained, or whether the supplementary proceedings provided for by chapter 2, tit. 9, Code Civ. Proc. 1874, (Laws 1884, pp. 266-268,) is a substitute therefor, and precludes this action. Section 3, c. 55, p. 154, Laws 1854, provides as follows: "This Code establishes the law of this territory respecting the subjects to which it relates," and section 172, p. 183, provides that "there is in this territory but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs." The argument of appellant is that the supplemental procedure above referred to is the only provision in the Code; that it takes the place of and precludes action by original complaint in the nature of a creditor's bill. The Organic act (section 1868, Rev. St. U. S.) provides that the "supreme court and the district courts, respectively, of every territory, shall possess chancery as well as common-law jurisdiction." The mode of procedure and practice in the territorial courts is governed by the laws of the territory, (*Hornbuckle* v. *Toombs,* 18 Wall., 648); but the jurisdic-

tion of the district and supreme courts, under the section last referred to, cannot be abridged or legislated away by the territory, (*People* v. *Clayton*, 4 Utah, 421; *Bank* v. *County of Yankton*, 101 U. S., 129; *Stevenson* v. *Moody*, 12 Pac. Rep., 902; *Dunphy* v. *Kleinsmith*, 11 Wall., 610.) The jurisdiction thus conferred upon the district and supreme courts of the territory is such jurisdiction, at common law and in equity, as was exercised by the English common-law courts; and to determine whether such courts have jurisdiction over an equitable cause of action, and whether a plain, adequate and complete remedy exists at law, so as to prevent resort to an equitable action, reference must be had to the principles of the common law of England. *Robinson* v. *Campbell*, 3 Wheat., 212. This is recognized by the Code of Civil Procedure, which enacts "that the jurisdiction of district courts extends to all civil actions for relief formerly given in courts of equity." Laws Utah 1884, p. 159.

If the statute in relation to supplementary proceedings on execution is to be regarded as a statute merely prescribing the practice or mode of procedure upon bills in the nature of creditors' bills, then it should be followed, and it would prohibit any other mode. I think it is plain that it is not to be so construed. It is a statutory proceeding providing for a summary process, but its efficiency and utility depends much upon statutory construction. Its power to reach creditors or their property which may be outside the limits of the judicial district in which the proceedings are had, may be doubted. There is no provision for a receiver, and it may be said that it does not purport to be a direction as to how an independent equitable jurisdiction shall be exercised, but only to provide a speedy and summary proceeding to which the creditor may resort if he sees fit to do so. *Reed* v. *Baker*, 42 Mich., 272, 3 N. W. Rep. 959. Original suits brought by creditors in the nature of creditors' bills is a well-recognized subject of equitable jurisdiction, both in England and in this country, wherein the courts will proceed, according to the established principles and course of equity, to sequester and administer the estate of a debtor, and apply it to the liquidation of the

indebtedness.   Where a remedy exists at common law, and
a new remedy is given by the statute, and there are no neg-
ative words in the statute indicating that the new remedy
is to be exclusive, the presumption is that it is meant to
be cumulative, and a party may at his option pursue either
the statutory or common-law remedy.   Cooley, Torts, 651,
and the cases cited in note 1.   In my opinion the statute
under consideration is not a substitute for creditors' suits,
and was consequently no bar to this action.   Freem. Ex'ns,
sec. 394.                       •

It is also insisted that there is a misjoinder of plaintiffs
and of causes of action.   The right of several judgment
creditors to join as co-plaintiffs, and enforce their rights
by creditors' bill in one action, is established by the great
preponderance of precedent, and should be favored as pre-
venting multiplicity of suits.   Story, Eq. Pl., sec. 537; *Dix*
v. *Briggs*, 9 Paige, 595; 1 Pom. Eq. Jur., sec. 261, note 1;
2 Story, Eq. Jur., 890; *Brinkerhoff* v. *Brown,* 6 Johns., Ch.
139, 151, and 156; Bisp. Eq., sec. 527.

The second cause of demurrer—"that the complaint does
not state facts sufficient to constitute a cause of action"—
remains to be considered.   It is contended that, as no ex-
ecution had been issued and returned upon the judgment
of plaintiff Bremer, no cause of action existed in his favor,
and that the demurrer should have been sustained, and
that the decree in his favor cannot be sustained.   In all
kinds of classes of creditors' suits, equity will not take cog-
nizance where there is a remedy at law.

Counsel for appellants have cited us to various decisions
in Michigan and New York holding that, before a bill can
be maintained in equity, an execution must be issued and
returned unsatisfied, and that this is jurisdictional.   The
courts of these states early held this rule, and, in both, the
rule has passed into express statutory enactments.   The
general rule, where it is not regulated by statute, is that
a judgment must be obtained, and certain steps taken,
before equity will intervene; but there is much conflict in
the cases as to how far the creditor must proceed before
he can resort to equity.   Much of this conflict arises from
the effect that is given to judgments and executions by

different statutes in various jurisdictions. 3 Pom. Eq.
Jur., 464; *Trask* v. *Green*, 9 Mich., 358.

But the reported cases all agree that the prime inquiry
is as to whether the complaint shows that there is no rem-
edy at law; and where the bill is filed, as in this case, to
reach choses in action and personal property, in such
shape that no levy can be made upon it, or to reach real
estate in which the debtor has but an equitable interest,
it must be shown that the debtor has no other property
upon which execution can be levied, and payment of the
debt enforced; and, as before stated, the general rule is
that this is shown by the issue of the execution, and its re-
turn *nulla bona*.    This is conclusive evidence. But if this
fact is established by other evidence, or in other ways, I
can see no reason why it should not have the same effect.
In the case of *Case* v. *Beauregard*, 101 U. S., 688, Mr.
Justice Strong, speaking for the court, upon this subject,
says: "But, after all, the judgment and fruitless execution
are only evidence that the creditor's legal remedies have
been exhausted, or that he is without legal remedy at law.
They are not the only possible means of proof. The neces-
sity of a resort to a court of equity may be made otherwise
to appear.    Accordingly, the rule, though general, is not
without many exceptions.    Neither law nor equity re-
quires a meaningless form."    When it appears from the
bill that the debtor is insolvent, and that the issuing of
an execution would afford no relief, it is not a necessary
prerequisite to equitable interference: *Case* v. *Beauregard,
supra; Turner* v. *Adams*, 46 Mo., 95; *Postlewait* v.
*Keeler*, 3 Iowa, 365; *Bank* v. *Harvey*, 16 Iowa, 141;
*Brainard* v. *Van Kuran*, 22 Iowa, 261; *Botsford* v. *Beers*,
11 Conn., 369; *Kipper* v. *Glancey*, 2 Blackf., 356; *Payne*
v. *Sheldon*, 63 Barb., 169; *Cornell* v. *Radway*, 22 Wis.,
260; *Barnes* v. *Dow* (Vt.), 10 Atl. Rep., 258; *Prisay* v.
*Hogan*, 53 Me., 554; Bish. Eq., secs. 526, 527; *Tabb* v.
*Williams*, 4 Jones Eq., 352.    When it comes to the proof,
it may be difficult to establish, but we are dealing with it
now as a pleading, and not as to what would constitute
sufficient proof under it; but the general rule above re-
ferred to is a stringent one, and the allegation should be

clear and explicit of the debtor's insolvency before equity can interfere.    Bish. Eq., *supra.*

Does this complaint make such allegation?   We are now considering this complaint with reference to plaintiff Bremer, and for the purpose it must be considered as a complaint filed by him alone.   The plaintiffs have seen fit to join together in the action, and they must show a joint right, or they can have no right; that is to say, the pleadings must show that all of the plaintiffs have a proper cause of action against the defendants.   We have, then, in addition to the averment above quoted, an allegation by a creditor that an execution has been issued but a short time before, upon the judgment of another creditor, and returned *nulla bona.*   I cannot believe that such an allegation, in view of the stringency of the general rule above referred to, can be considered as such a positive, direct, and unambiguous allegation of insolvency as to show on its face that the creditor has exhausted all his legal remedy.   I do not forget the rule that, when a condition of things is once shown to exist, there is a presumption that it continues; and it may be said that the return of this execution by the sheriff but a few months before should be considered as establishing the fact that the debtor had no property, until it is rebutted.   But I do not consider that rule or presumption of sufficient strength to overcome or constitute an exception to the stringent rule before stated.   I am inclined to the opinion that this complaint does not show a cause of action on the part of plaintiff Bremer.   But my associates are both of the opinion that the allegation of the issuing and return of the execution on the Enright & Kelly judgment unsatisfied, together with the allegation that the plaintiffs know of no property upon which an execution can be levied, and that the judgments must remain wholly unsatisfied, unless they can resort to equity, is a sufficient allegation of insolvency to bring it within the exception, in view of the fact that they are joined together as co-plaintiffs.

The objection that the decree was rendered without evidence is not well taken, if that were necessary.   The decree

recites the fact that evidence necessary to enable the court to render judgment was given.

The motion to set aside the decree and open the default was addressed to the discretion of the district court, and could only be reviewed by this court when the discretion has been abused, which we are not prepared to say in this case: *Howe* v. *Independence Co.*, 29 Cal., 72; *Bailey* v. *Taafe*, Id., 422; *Coleman* v. *Rankin*, 37 Cal., 247; *People* v. *Rains*, 23 Cal., 127.

The decree appealed from should be affirmed.

ZANE, C. J., and BOREMAN, J., concurred.