## RICHARD BRERETON, RESPONDENT, *v.* CHARLES H. MILLER, APPELLANT.

JURISDICTION.—TERRITORIAL COURTS.—ABRIDGMENT BY TERRITORY.—The organic act of Utah Territory (section 1868 Rev. Stat.) gives to the district courts of the Territory of Utah chancery as well as common law jurisdiction, and this grant cannot be curtailed or abridged by Territorial legislation.

MORTGAGES. — CHANCERY JURISDICTION. — TERRITORIAL LAW.—Although section 3460, 2 Comp. Laws 1888, provides that there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage, and the court may by its judgment direct a sale of the encumbered property, and if it appear that the proceeds are insufficient and a balance still remain due judgment can then be entered for such balance against defendant, yet this Territorial act cannot be held to abridge the chancery jurisdiction conferred by the organic act of Utah Territory.

ID.—PERSONAL JUDGMENT.—CONTINGENT FORECLOSURE.—Where a mortgagor has sold the mortgaged premises and given warranty deed without mention of mortgage or assumption thereof by grantee, and suit is brought to foreclose against the mortgagor as well as the administrator of the grantee of the land, the district court of Utah Territory has authority under its grant of general jurisdiction to render decree settling the rights of the parties, and may direct that execution be levied first against the mortgagor and then, if any deficiency remain, the mortgaged premises be sold.

APPEAL from a judgment of the district court of the first district. The opinion states the facts except the following: "The organic act approved September 9, 1850, provided, at section 9, that the jurisdiction of the several courts shall be as limited by law, provided that the district and supreme courts, have chancery and common-law jurisdiction." This section is partly incorporated

into the Revised Statutes, as section 1866. Then, in section 1868, Revised Statutes, is found the following: "The Supreme Court and district courts, respectively, shall possess chancery as well as common law jurisdiction." Section 3 of the Poland Bill, approved June 23, 1874, provided : "The district courts shall have exclusive original jurisdiction in all suits or proceedings in chancery and in all actions at law, in which the sum or value of the thing in controversy shall be three hundred dollars or upward, etc."

Section 1 of Act of Congress, April 7, 1874, 18 Stat. 27, provided : "That it shall not be necessary in any of the courts of the several Territories of the United States, to exercise separately the common law and chancery jurisdictions vested in said courts; and that the several codes and rules of practice adopted in said Territories respectively, in so far as they authorize a mingling of said jurisdictions, or a uniform course of proceeding in all cases, whether legal or equitable, be confirmed, etc."

Section 3460, 2 Comp. Laws 1888, which is section 606, Code of Civil Procedure, is as follows : "There can be but one action for the recovery of any debt, or the enforcement of any right, secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct a sale of the incumbered property, or so much thereof as may be necessary, and the application of the proceeds of the sale to the payment of the costs of the court, and the expenses of the sale, and the amount due to the plaintiff ; and sales of real estate, under judgments of foreclosure of mortgages and liens, are subject to redemption as in case of sales under execution, and if it appear from the return of the officer making the sale that the proceeds are insufficient, and a balance still remains due,

judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor, as in other cases, on which execution may be issued."

*Messrs. King and Houtz*, for the appellant.

*Mr. E. E. Corfman*, for the respondent.

MINER, J.:

It is alleged in the complaint in this cause that on the 21st day of June, 1888, the appellant, Charles H. Miller, made and delivered to the plaintiff his promissory note for the sum of $200 and interest, which note he secured by mortgage on real estate, and that the same was due and unpaid on the 26th day of June, 1890, at which time this action was brought to foreclose the mortgage; that on December 31, 1889, the defendant, John M. Drake, purchased the mortgaged premises from Miller, paying him the purchase price in full, and receiving from Miller and wife a full covenant warranty deed therefor; that Drake died before the commencement of this action, and M. M. Kellogg, the defendant, was appointed administrator of his estate. Plaintiff also asks in his complaint a personal judgment against defendant Miller, who is claimed to be personally liable for the debt in question, and that a general execution issue against him to satisfy said judgment and costs; and that on the return of such execution if it shall appear that such personal judgment cannot be satisfied, then said mortgage be foreclosed, and said mortgaged premises be sold, and the proceeds be applied to the satisfaction of the personal judgment, and payment of any deficiency remaining unpaid on such personal judgment.

· After the return of such general execution against Miller, the default of all the defendants was duly entered, after which a judgment against Miller and a decree of foreclosure were entered substantially in accordance with the prayer of the complaint. The findings of fact support the allegations in the complaint. The defendant Miller appeals, and alleges as error: (1) A personal judgment is rendered against him for $238.40 when the debt is secured by a mortgage, and without a judgment of foreclosure and sale of the mortgaged premises first had. (2) An execution is adjudged against defendant Miller to satisfy the judgment. (3) That the mortgage is adjudged and ordered foreclosed, and the premises sold, only in the event that the judgment remains unsatisfied, in whole or in part, on the return of the execution against Miller. (4) That the judgment of foreclosure and sale is uncertain, and depends upon the contingency of there being a deficiency remaining unpaid on the return of the execution against Miller. (5) The judgment requires sale of all the property of Miller liable to execution before the mortgaged property can be sold to pay the debt remaining to be paid, which is contrary to law.

It is contended by counsel for the appellant that, under the provisions of section 3460 of the Compiled Laws of 1888, there is but one action for the recovery of any debt, or the enforcement of any right secured by mortgage or lien upon real or personal property, which action must be in accordance with the provisions of that chapter; and that, if any personal judgment is rendered it must be accompanied with an order of sale of the mortgaged premises; and that a judgment so rendered is, and must be, held in abeyance by force of the statute until the mortgaged property is sold, and the proceeds applied on the judgment. We think the first part of

the section referred to above has reference to the action, and not to the remedy or form of judgment or decree that a court of equity may be called upon to render in the action, for this must depend upon the rights and liabilities of the parties over whom the court has jurisdiction under the facts proved or found by the trial court. The organic act (Rev. St. U. S. §1868; 1 Comp. Laws Utah 1888, p. 57,) provides that "the Supreme Court and the district courts, respectively, of every Territory, shall possess chancery as well as common-law jurisdiction."

The mode of procedure in an action in the Territorial courts is governed by the law of the Territory. Hornbuckle .v. Toombs, 18 Wall. 648. But the jurisdiction of the Supreme and district courts, under the section last referred to, cannot be abridged or legislated away by the Territory. "The jurisdiction thus conferred upon the district and Supreme courts of the Territory is such jurisdiction, at common law and in equity, as was exercised by the common-law courts of England." *People* v. *Clayton,* 4 Utah, 421, 11 Pac. Rep. 206; *Enright* v. *Grant,* 5 Utah, 340, 15 Pac. Rep. 268; *Bank* v. *County of Yankton,* 101 U. S. 129; *Stevenson* v. *Moody,* (Idaho,) 12 Pac. Rep. 902; *Dunphy* v. *Kleinsmith,* 11 Wall. 610. And the jurisdiction of the district courts extends to all civil actions for relief formerly given in courts of equity (1 Comp. Laws, 1888, p. 103); and this common-law and chancery jurisdiction, as conferred by act of congress passed April 7, 1874 (1 Comp. Laws Utah, p. 99), may be exercised jointly in the same proceeding or action. The uncertainty that once prevailed as to the general common-law and chancery jur'sdiction of courts in the same proceeding is made certain by this act of congress; and in ordering judgment against the defendant Miller, who was personally liable for the debt (and in justice between

the parties was bound to pay it), the court had ample power to order execution issued upon it, and, if it was returned unsatisfied in whole or in part, to authorize the sale of the property covered by the mortgage. This would be within its power, and the statute referred to could not abridge that right.

In this case it appears that the appellant, Miller, gave this note and mortgage to the plaintiff, and afterwards sold the land covered by the mortgage to John M. Drake by a full covenant warranty deed, receiving the full value of such land without making any provision for the payment of the note and mortgage he had given thereon, and without any agreement on the part of Drake to assume and pay the note and mortgage, and, so far as it appears, without Drake's knowledge of the existence of the mortgage. Miller, then, was simply using Drake's land as security for his individual debt without Drake's assent, and in violation of the express covenant in the deed. Under the general chancery power possessed by the court, it could do no less than adjudicate and pass upon the rights of all the parties before it, so as to mete out substantial justice to all in the same proceeding, and thus prevent a circuity of action on the part of the Drake estate. If the contention of the appellant should be carried out, the plaintiff must proceed with his foreclosure, and sell the land first, and then resort to his execution against Miller for the residue of his claim upon the judgment, if any; and this course would make it necessary for the Drake estate (though an innocent and possibly a defrauded party) to resort to its separate action against Miller on his covenant of warranty,—a proceeding entirely unnecessary under the practice and statute of this Territory.

In this Territory parties are at liberty to adopt in the foreclosure of mortgages the course pursued under

the old chancery system, and take a decree adjudging the amount due upon the personal obligation of the mortgagor, and directing a sale of the premises and application of the proceeds upon the decree, and then apply for an ascertainment of any deficiency, and for an execution for the deficiency, if any; or they may take their judgment at law, and also a decree in equity, for the sale of the property, as in this case; and then the plaintiff may proceed to enforce either, as the court may order, but he cannot proceed upon both at the same time. The assumption by the appellant that because Miller gave to Brereton his promissory note, and secured the note by a mortgage, therefore Brereton agrees to look to the land as a primary fund for the payment of the debt, and that Miller has a right to insist that he do so against the rights and equities of the Drake estate, cannot be acceded to. The mortgage was made for Brereton's security, and not for Miller's protection; and, as between these two and the Drake estate, it was competent for a court of equity to direct in what manner the claim should be collected, so as to protect the party that has been seemingly injured by Miller, or who might be seriously damaged, if compelled to resort to a suit upon the covenant in the deed, and rely upon the uncertainty of Miller's personal responsibility at the end of the litigation for the satisfaction of his claim; and when, as in this case, it is conceded that a personal judgment may be rendered in a foreclosure case, and a decree for foreclosure at the same time, the right to execution upon a judgment is necessarily within the power of the court to grant, as a judgment is not such unless it can be enforced, and the satisfaction of this execution upon the judgment is a satisfaction of both judgment and decree. If the execution be returned by the sheriff unsatisfied, in whole or in part, such return is a suffi-

cient showing of the fact to justify the further proceedings to foreclose and sell the mortgaged premises under the decree, and the court may make such further order as may be deemed necessary in the premises, as affecting the sale upon the decree. As a court of equity, it has full power and control over the matter in controversy, and may so shape its further action as to protect the rights of each party, and at the ·same time effectually dispose of all the contention in this one action, as justice may demand. *Englund* v. *Lewis,* 25 Cal. 337, 357; *Budd* v. *Long,* 13 Fla. 301. The judgment, order and decree of the lower court is affirmed, with costs.

ZANE, C. J., and ANDERSON, J., concurred.