J. W. SMITH, RESPONDENT, v. THOMAS McEVOY AND ANOTHER, APPELLANTS.

PLEADING.—PROMISSORY NOTE.—NOTICE OF DISHONOR.—A complaint alleging that due and legal notice of dishonor and non-payment was given a defendant who is sued as indorser on the note, is sufficient, where judgment has been taken by default on failure to answer.

ID.—ID.—FORECLOSURE OF MORTGAGE.—In a proceeding to foreclose a mortgage, the maker and indorser of the note may be joined as parties to the action, and judgment of foreclosure given in the action with a judgment for a deficiency against both maker and indorser but *quœre* has indorser lost his right to a jury trial.

APPEAL.—DEMURRER.—No appeal lies from an order overruling a demurrer under the code of civil procedure.

APPEAL from a judgment of the district court of the third district. The opinion states the facts generally but the following summary of the abstract is given in this cause:

The abstract in the case states the record as follows: The complaint alleged that on March 5, 1890, appellant McEvoy made his promissory note for $300, payable to appellant Alma S. Kendall twelve months after date, with interest payable quarterly; that said McEvoy, to secure the payment thereof, executed the mortgage, exhibit "A," attached to complaint; that the note and interest is due and payable, and said McEvoy and Kendall had due and legal notice of the dishonor and non-payment of said note; that on September 2, 1890, said Kendall sold, assigned and transferred said mortgage and note for value

received to said Smith and said Kendall indorsed said note in blank. Complaint was filed June 27, 1891. Kendall demurred because the complaint did not state facts sufficient to constitute a cause of action. McEvoy demurred for the same reason. Kendall filed motion asking to make the complaint more specific, by separating the cause of action against himself from cause of action against McEvoy. Demurrers and motion were overruled July 10, 1891. Default of both defendants was entered July 21, 1891. Findings of fact and decree were filed that day. Notice of appeal served and filed July 27, 1891. This is the whole of the abstract. It does not show what the ᴠdecree was, nor what the appeal was from.

The errors assigned were that the court erred in overruling the motion and demurrers.

*Messrs. Hoge and Burmester,* for the appellant Kendall.

Argued that the statement in the complaint as to dishonor and notice was not sufficient to found a judgment upon, and admitted that maker and indorser could be joined in the same action, but the causes of action must be separately stated in different courts.

*Messrs. Winters and Kinney,* for the respondent.

MINER, J.:

This action was brought by J. W. Smith to foreclose a mortgage given by Thomas McEvoy to Alma S. Kendall. Kendall assigned the mortgage, and indorsed the note to the plaintiff before maturity. The complaint alleges that due and legal notice of the dishonor and non-payment of the note was given both defendants. To this complaint both defendants filed their separate demurrers, on the ground that the complaint does not state facts sufficient to constitute a cause of action. The defendant Kendall

also asked the court to make an order requiring a separate statement of the causes of action to be made against each defendant. The several demurrers were overruled, and the motion was denied. Time was given defendants to answer. No answer being filed, a judgment was entered for the amount of the note against both defendants.

The defendants' counsel alleges that the court erred in overruling the demurrers and in denying the motion. The only complaint made is that the court overruled the demurrers and denied the motion. Kendall was a general indorser. Due and legal notice of the dishonor and non-payment of the note was given both defendants. Kendall, having had due legal notice of the non-payment and dishonor of the note, must be held to have had sufficient notice to hold him to his promise to pay, as provided by Comp. Laws 1888, § 2864. *Coddington* v. *Davis*, 1 N. Y. 186; *Allen* v. *Patterson*, 7 N. Y. 476; *Began* v. *O'Riley*, 32 Cal. 11; Comp. Laws 1888, §§ 3225-3285; *Garner* v. *Marshall*, 9 Cal. 268. This action was brought against both defendants upon the same instrument, upon which the plaintiff had a primary right to recover a debt due him from the defendants which it was their corresponding primary duty to discharge. The plaintiff was not called upon to state his cause of action separately against both defendants, under § 3220, Comp. Laws 1888. Pom. Rem. § 452; Comp. Laws 1888, § 3185; *Brereton* v. *Miller*, 7 Utah, 426, 27 Pac. Rep. 81. The abstract in this case is very imperfect. From it we are unable to discover what the appeal is taken from, but we are led to infer that it was taken from the final judgment. Were it otherwise the appeal should be dismissed, as no appeal lies from an order of the district court overruling a demurrer. *Thomas* v. *Railroad Co.*, 1 Utah, 184; *Zeile* v. *Moritz*, Id. 283; Sup. Ct. Rule No. 6, 27 Pac. Rep. viii.; *Lowell* v. *Parkinson*, 2 Utah, 370.

The judgment and decree of the third district court is affirmed, with costs.

ANDERSON, J., and BLACKBURN, J., concurred.