# EX PARTE: IN RE THE OFFICIAL COURT INTERPRETER ET AL.

1. Congress, through the executive council of Porto Rico, having fixed the salaries of the official interpreter and the official stenographer of this court, their compensation cannot be increased for the performance of their ordinary duties by rule or order of court.

2. It is not within the power of the court to force litigants to pay a *per diem*, to be charged as costs in the case, for the benefit of the official interpreter or the official stenographer. The services of such officials, while in the performance of their ordinary duties, are free to the litigants, the same as those of other court officials.

3. See the opinion for a discussion of the subject generally.

Opinion filed October 3, 1908.

RODEY, Judge, delivered the following opinion:

This matter comes before us on the petition of the bar association of this district. On the 1st of June, 1908, the associa-

Re Official Court Interpreter.

tion held a meeting whereat the question of the compensation of the official interpreter of this court was considered.

It appears to have been the opinion of the attending members that the official interpreter of this court, considering the duties he has to perform, and the qualifications required for the office, is underpaid; and therefore the association presented a petition, recommending that a rule be adopted making an allowance of $3 per day to him, the same to be taxed as an item of costs, and collected for his benefit from the litigants as other costs are collected.

The court had this same matter in mind, even before the bar association acted, both as to the official interpreter and the official stenographer, but had doubts as to its powers in the premises. When the petition was presented, we requested several members of the bar to present their views as to the power of the court to grant the request, and, as a consequence, considerable discussion took place with reference to the subject. The official court stenographer has made a personal application for an allowance of $5 per day, to be taxed in the same manner.

After giving it due consideration, we are convinced that the court is without power to make such a rule, or to tax costs against litigants in any such manner.

We are aware that previous incumbents of this bench have permitted costs to be taxed in this way for officers of the court, but, after the examination made, it is our opinion that it was unwarranted.

The position appears to be unassailable that courts and their officers, save as to actual filing and trial costs that are specifically provided for by law, are free to the people. The judge, the clerk, the marshal, and the bailiff, if there is one, and, in most

Re Official Court Interpreter.

cases, the district attorney, when a term of court is actually being held, have, from time immemorial, with few exceptions, been paid salaries by the government, and their services at such times have been free to litigants. Then, if the law has added in modern times, or because of existing conditions in particular localities, additional and now quite necessary officers, such as a stenographer and an interpreter, and pays them a fixed monthly salary, why should not the services of those new officers, when actually performing their ordinary duties in court, be equally free to the people? We, of course, can well see that there are some limitations to this statement, such as that a stenographer ought to be paid for transcripts made for the special benefit of either or both of the parties, and that an interpreter should be paid for translations or certificates to their correctness under like conditions, or when acting as or before a master, examiner, or other official not comprehended within the scope of their regular official duties. It appears to us that, in modern times, a stenographer is a necessary official of a properly equipped court; and that a court of high original jurisdiction should no more be required to do without his services than it should be required to forego the use of an available electric light for a candle. As to an official interpreter, under conditions such as obtain on this island, his services are even more necessary than those of a stenographer, and it would often be impossible to proceed without his aid. He is paid by the government as an officer of the court, and we therefore think he is not entitled to have additional compensation for performing his ordinary duties, to be taxed as costs against litigants. We are, of course, not forgetting the general and conceded powers of proper courts to appoint masters in chancery, examiners, receivers, different sorts of commis-

Re Official Court Interpreter.

sioners, custodians, auditors, and other help in proceedings before the court, and to allow them proper compensation and compel the payment of the same, but this is not that sort of a case.

Section 34 of the Foraker law (31 Stat. at L. 77, chap. 191), which is the organic act of this island, states that this court "shall have power to appoint all necessary officials and assistants, including a clerk, an interpreter, and such commissioners as may be necessary," etc.

It will be noticed, therefore, that the office of official interpreter for this court is created by act of Congress. It is true that the organic act failed to fix his salary, but the act does not even mention the office of official stenographer, it being presumed that the power to appoint him is included in the inherent power of the court, and the power to appoint all necessary officials and assistants.

To cure this failure to fix salaries for some of the officers of the court, Congress, on March 2d, 1901 (31 Stat. at L. 953, chap. 812), passed an amendment to the organic act, and provided therein that the executive council of the island should, from time to time, determine the salaries of all the officials and assistants appointed by this court, including the clerk and interpreter, the same to be paid out of the revenues of the island, the same as other salaries are paid under the original organic act. The executive council thereafter from year to year did thus determine and fix the salaries of such officials of this court, including the official interpreter, stenographer, and others whose salaries were not fixed in the first instance in the organic act, and is continuing so to do from year to year.

It therefore seems to us that this puts all the officers of the

Re Official Court Interpreter.

court on practically the same footing as to compensation for performing their ordinary official duties. If the court can be held to have power to increase the compensation of the interpreter for the performance of what certainly is his ordinary official duty, by allowing him a *per diem* to be taxed against the litigants, then, with like force, it would be held to have power to increase the salary of the clerk, his deputies, or any other appointed official for the performance of their ordinary duties; and surely this would not be considered a proper exercise of judicial power.

The remedy for an underpaid official of the court, whose salary is not fixed directly by Congress, as it appears to us, is with the legislative assembly, to which an application for an increase should be made.

In the many years the present incumbent of this bench has resided in New Mexico, he has seen several questions analogous to the one now before us arise, and it seems to be settled that when Congress, by itself, and, of course, by analogy, through a local legislature, as here, fixes a salary for the performance of particular duties, no court has power to add to or change it, in so far as compensation for the performance of such duties is concerned.

We think the case of Stevenson v. Moody, decided by the supreme court of Idaho (2 Idaho, 260, 12 Pac. 902), somewhat illustrative, where it was held that "the number of officers and *attachés* of territorial legislative assembly is determined by the laws of the United States, and cannot be increased by any act of the legislative assembly itself." Surely the power of a court would be much less under similar circumstances.

It was further held in that case that the legislature could not

IV. Porto Rico—20.

### Re Official Court Interpreter.

appropriate money from the territorial treasury to pay *attachés* not authorized by any act of Congress.

This question of the power of even territorial legislatures to employ additional *attachés* around the houses of the local assembly has been much discussed in the territories, and Congress has, from time to time, had to legislate against the action of the legislatures in that regard, in appropriating money to pay such extra employees. See case of Baca v. Perez, supreme court of New Mexico, 8 N. M. 187, 42 Pac. 162. As to this latter case, we had personal knowledge of it when it arose, and we never did agree with Judge Smith's opinion, wherein he held for the right of the legislature to appropriate money of the territory for such purpose. Section 1855 of the Revised Statutes of the United States prevents territorial legislatures from making or enforcing any law giving additional compensation than as provided by the laws of the United States, to governors, secretaries, or members or officers of the legislature. This indicates a policy that ought to be respected.

Let us suppose that counsel for any litigant about to have his case tried should demand that the official interpreter, as to witnesses he desires to introduce, and who only speak the Spanish language, should interpret their testimony to the jury, and that the court should inform counsel that, unless his client paid a *per diem* over and above the salary of the interpreter for such services, the latter would not be required to act. Then suppose that counsel should refuse to accede to this condition. Would the court have power to order his client to make the payment? Could the litigant be refused his day in court if he did fail to pay? It seems to us that the statement of the question answers it. It cannot, we think, be gainsaid that we would have no such

Re Official Court Interpreter.

power. The Congress of the United States, through the executive council of Porto Rico, has fixed the official interpreter's salary, and one of his most ordinary duties, as we see it, is to orally interpret the testimony of witnesses to the court and jury. One of the ordinary duties of a salaried official stenographer, as we see it, and we filled that important position at one time in our history, is to relieve the court from the old-time drudgery of making copious notes in a book, of the evidence presented, by taking it all down in shorthand when required, so as to preserve it for the use of the court and litigants if the latter desire to pay for a transcript.

It is urged that, as to the official stenographer, he should be required, of course, to preserve the evidence in all cases where the United States or the people of Porto Rico are interested, but that, as to private litigants, he should be only required to preserve the evidence on being specially paid therefor. To some extent this same idea is urged as to the interpreter, that he should only be obliged to act in like cases. We cannot agree to this view, because, in the first place, litigation wherein the United States or the people of Porto Rico are interested forms but a small fraction of the business of the court, and, in the second place, it would paralyze the court in the performance of its functions. Were this the only purpose for which such officials are paid, the legislature would probably have provided a mere *per diem* for them, payable only when there was work to be done. The day has passed when an official court stenographer and an official court interpreter in a jurisdiction like this can be regarded as officials whose duties can be dispensed with, without material inconvenience to the court. The truth is, they are high and important officials, whose services and attendance at all

sessions of the court are quite as necessary and even important as are those of the marshal and the clerk.

We are therefore of opinion that, as to the ordinary every-day duties of such officials of the court, we are without power to make any additional allowance to them for the performance of the same.

As stated, this holding is not intended to deny the right of the interpreter or stenographer to collect proper fees for work clearly not comprehended within the scope of their duties as salaried court officials. The petitions will therefore be denied.